**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| SHEILA N. HENNEBURY,<br><br>    Plaintiff,<br><br>    v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA<br><br>    Defendant. | Case No. |

**NOTICE OF REMOVAL**

    Pursuant to 28 U.S.C. §§ 1441 and 1446, The Prudential Insurance Company of America ("Prudential"), hereby files this Notice of Removal of this case from the Merrimack County Superior Court, State of New Hampshire, Case No. 11-cv-192, where it is currently pending, to the United States District Court for the District of New Hampshire. This case is removable pursuant to 28 U.S.C. § 1331, in that Plaintiff's claims, in whole or in part, are specifically pled under the Employee Retirement Income Security Act of 1974 as amended ("ERISA"), 29 U.S.C. § 1001, *et. seq.*, thus supplying federal question jurisdiction. (Exhibit A, Complaint ("Compl.") ¶¶ 3, 48, 50, 51, 52 and "Wherefore" paragraph following ¶ 54).

    Defendants respectfully show the Court as follows:

    1.    Plaintiff instituted this civil action in the Merrimack County Superior Court, State of New Hampshire, on or about March 28, 2011.

    2.    Prudential was served with a copy of the Complaint through the State Insurance Commissioner's office on April 7, 2011. A true and correct copy of all process, pleadings and

orders as served upon Prudential is attached hereto as part of Exhibit "B" and incorporated herein by reference.

3. Pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after service of the initial pleading on which the aforesaid action is based.

4. The United States District Court for the District of New Hampshire is the federal judicial district embracing the Merrimack County Superior Court, State of New Hampshire, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. §§ 109 and 1441(a).

**FEDERAL QUESTION**

5. By way of this lawsuit, Plaintiff seeks to recover, *inter alia*, long term disability benefits under The Talbot's Inc. Short and Long-Term Disability Benefits Plan (the "Plan") pursuant to ERISA Section 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B). (Exh. A, Compl. at ¶¶ 3, 5 and "Wherefore" paragraph following ¶ 54). Plaintiff was an employee at J. Jill Contact Center ("J. Jill") and a participant in the Plan. (Exh. A, Compl. at ¶¶ 4 and 5). Plan benefits are insured under a Group Insurance Policy (the "Policy") that was issued by Prudential to Plaintiff's employer, Velan Valve. (*See*, *id*. ¶¶ 3 and 5)). The Plan is an employee welfare benefit as defined in ERISA §3(1), 29 U.S.C. §1002(1). (*See, Id*. ¶¶ 2 and 3).

6. Plaintiff is claiming entitlement to ERISA-regulated benefits. (Exh. A, Compl. ¶¶ 3, 48, 50, 51, 52 and "Wherefore" paragraph following ¶ 54). Accordingly, this action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) in that Plaintiffs' claims arise under an ERISA-governed benefit plan for which Prudential insures certain benefits. As alleged in the Complaint, Plaintiff's claims, in whole or in

part, come within the scope of ERISA § 502(a), 29 U.S.C. § 1132(a). (Exh. A, Compl. at ¶¶ 3, 48, 50, 51, 52 and "Wherefore" paragraph following ¶ 54).

7. Pursuant to 29 U.S.C. §§ 1132(e)(1) and (f) and 28 U.S.C. § 1331, the District Courts of the United States have original and/or exclusive jurisdiction over such claims without respect to the amount in controversy or the citizenship of the parties. Inasmuch as Plaintiff has pled ERISA claims on the face of her Complaint, this civil action is one over which this Court has original and/or exclusive jurisdiction and it is one that may be removed to this Court by Defendants.

## **MISCELLANEOUS**

8. A copy of this Notice of Removal is being filed with the Merrimack County Superior Court, State of New Hampshire, as provided by law, and written notice is being sent to Plaintiff's counsel.

9. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

10. The allegations of this Notice are true and correct and this cause is removable to the United States District Court for the District of New Hampshire.

11. If any question arises as to the propriety of the removal of this action, Prudential respectfully requests the opportunity to present a brief and oral argument in support of their position that this cause is removable.

**WHEREFORE,** Prudential, by and through its counsel, and through the filing of this Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Notice of Removal with the clerk of the Merrimack County Superior Court, State of New Hampshire, effects the removal of said civil action to this Honorable Court.

Dated: May 9, 2011 /s/ Byrne J. Decker
Byrne J. Decker
Pierce Atwood, LLP
One Monument Square
Portland, ME 04101
(207) 791-1100
bdecker@pierceatwood.com

*Attorney for Defendant*
*The Prudential Insurance Company of America*

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served Plaintiff with a true and correct copy of the within and foregoing **NOTICE OF REMOVAL** by depositing a copy of same in the United States Mail with adequate First Class postage affixed thereon, addressed as follows:

William D. Woodbury, Esq.
Normandin, Cheney & O'Neil, PLLC
PO Box 575
Laconia NH 03247-0575

Dated: May 9, 2011
                  /s/ Byrne J. Decker
                  Byrne J. Decker
                  Pierce Atwood, LLP
                  One Monument Square
                  Portland, ME 04101
                  (207) 791-1100
                  bdecker@pierceatwood.com

                  *Attorney for Defendant*
                  *The Prudential Insurance Company of America*